UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-61722-CIV-GOLD/MCALILEY

STATE FARM LIFE INSURANCE
COMPANY, an Illinois corporation,

    Plaintiff,

v.

HELEN E. MANGAN, an individual, and
COLLEEN A. RICHARDS, an individual,

    Defendants.
_____/

### ORDER DENYING MOTION FOR ATTORNEYS' FEES AND COSTS AND MOTION TO ENFORCE SETTLEMENT

Pending before the Court is Plaintiff's Verified Motion for Attorneys' Fees and Costs. [DE 28]. Defendant Helen Mangan opposes the motion, challenging both Plaintiff's entitlement to fees and costs and the amount of fees sought. [DE 37]. In its reply, Plaintiff asserts that after the motion was filed, Defendant Mangan entered into a settlement agreement in which she agreed to compensate Plaintiff for some of its fees and costs, but now refuses to honor the terms of that agreement. [DE 38, ¶¶ 7-8, 11]. In a Sur-Reply, Mangan denied that a settlement agreement was reached. [DE 44]. Plaintiff asks this Court to compel enforcement of the alleged settlement agreement, or alternatively, grant the motion for fees and costs. [*Id.* at ¶¶ 12-15].

This matter was referred to me by the Honorable Alan S. Gold and the parties have consented to my final resolution of these issues. [DE 7, 29]. For the reasons set forth below, I deny Plaintiff's motion to compel enforcement of the settlement agreement and deny the motion for attorneys' fees and costs.

**I.   Background**

Plaintiff State Farm Insurance Company instituted this interpleader action, pursuant to Federal Rule of Civil Procedure 22, to resolve a dispute over the proceeds of a policy of insurance on the life of Gerald P. Mangan, who died on July 8, 2009. [DE 1, ¶¶ 7, 12]. At the time of his death, the policy proceeds totaled $82,892.00, and the policy named Defendant Helen Mangan as the primary beneficiary. [*Id.* at ¶¶ 9, 11, 13]. After the death of Mr. Mangan, Defendant Colleen Richards gave State Farm notice that she asserted a claim to proceeds of the policy based on a handwritten letter allegedly prepared by the insured which designated her as the primary beneficiary on the policy. [*Id.* at ¶ 15]. At the time State Farm instituted the interpleader action, Defendant Mangan had not made a claim on the policy. [*Id.* at ¶ 14].

On February 10, 2010, the Court entered an Agreed Omnibus Order Granting Motion for Interpleader, which ordered State Farm to deposit the disputed funds into the trust account of the law firm Akerman Senterfitt, dismissed State Farm with prejudice, and reserved jurisdiction to determine State Farms' entitlement to attorneys' fees and costs. [DE 26, ¶¶ 2, 3, 7]. State Farm then filed the pending motion, asking to recover $18,058.46 in

attorneys' fees and costs. [DE 28]. After the motion was fully briefed, Defendant Mangan and Richards settled their claims. [DE 50]. The settlement, which was approved by the Court, provides for $20,000.00 to remain in escrow pending resolution of State Farm's motion. [DE 50-1, 51].

## II. Analysis

State Farm seeks two forms of relief. First, State Farm asks that I enforce a settlement agreement that it claims to have entered into with Defendants Richards and Mangan for payment of its fees and costs out of the insurance proceeds. Alternatively, if I decline to enforce the disputed settlement agreement, State Farm asks that I exercise my discretion to award it its attorneys' fees and costs, to be paid from the insurance proceeds in escrow.

### A.   The parties did not reach an enforceable settlement agreement

According to State Farm, it entered into a settlement agreement "whereby Defendants offered to pay State Farm $15,000.00 for its reasonable attorneys' fees and costs incurred in connection with the interpleader action, and State Farm accepted such offer." [DE 38, ¶ 13]. Defendant Mangan responds that the parties only discussed the possibility of such an agreement, and that Mangan declined to enter into that agreement. Specifically, Mangan states that the attorneys for the parties spoke on the telephone to discuss possible settlement of State Farm's motion for fees, and the lawyers agreed to present to their clients a proposal that State Farm be paid $15,000 from the disputed insurance proceeds. [DE 44, ¶ 2-3]. The parties filed with the Court e-mail correspondence that shows that a week after the telephone

3

conference, State Farm's counsel wrote counsel for both Defendants, reporting that State Farm had "accepted Defendants' offer of $15,000 for fees and costs." Within minutes, Mangan's counsel replied: "My client is still out of town, but should be back tomorrow. As I mentioned, I just need to reconfirm with her." [DE 38-1, p. 2]. Mangan later rejected the proposal.

State law governs the determination whether an attorney has authority to enter into a settlement agreement on behalf of a client. *Ford v. Citizens and Southern Nat'l Bank, Cartersville*, 928 F.2d 1118, 1120 (11th Cir. 1991). Under Florida law, a party seeking to compel enforcement of a settlement agreement purportedly entered into by another party's counsel "must demonstrate that [the] attorney had clear and unequivocal authority to enter into the settlement agreement." *Murchison v. Grand Cypress Hotel Corp.*, 13 F.3d 1483, 1485 (11th Cir. 1994).

State Farm has failed to show that counsel for Defendant Mangan had clear and unequivocal authority to enter into the proposed settlement agreement it seeks to enforce. To the contrary, the undisputed facts show that counsel for Mangan plainly stated to State Farm that the settlement was contingent upon final approval by his client, which was never given. Thus, no settlement agreement was entered into and State Farm's motion to enforce a settlement agreement is denied.

**B.     State Farm is not entitled to attorneys' fees and costs**

Federal Rule of Civil Procedure 22, the authority under which this interpleader action

4

was brought, does not provide for an award of attorneys' fees and costs to the stakeholder that brings the action. *Life Inv. Ins. Co. v. Childs*, 209 F.Supp.2d 1255, 1256 (M.D. Ala. 2002). Traditional rules of equity, however, authorize the trial court to allow a disinterested stakeholder to recover its costs and attorneys' fees from the stake itself. This authority is completely discretionary: "there is no right for the stakeholder to recover costs and attorney's fees." *Id.*

As the Eleventh Circuit explained in *Chase Manhattan Bank v. Mandalay Shores Coop. Housing Assoc., Inc.*, 21 F.3d 380 (11th Cir. 1994), an award of attorneys' fees in a interpleader action may be appropriate where: (1) the interpleader action yields a cost-efficient resolution of a dispute in a single forum; (2) the stakeholder came by the asset innocently and in no way provoked the dispute; and (3) the fee for the stakeholder is minor and does not greatly diminish the value of the asset. *Id.* at 383. I consider State Farm's Motion in light of these factors.

First, while an interpleader action can be a relatively cost-efficient way to resolve a dispute over a single fund, it is not clear here that an actual dispute existed when State Farm filed its Complaint. According to that Complaint, Mangan was designated as the beneficiary of the policy. [*See* DE 1, ¶¶ 9, 11]. After the death of the insured, State Farm wrote Mangan and "acknowledged her interest in the Proceeds as the primary beneficiary of the Policy." [DE 1, ¶ 14]. Evidently State Farm got no response, as it stated in the Complaint that it "has no knowledge of whether HELEN E. MANGAN intends to make a claim on the proceeds."

5

[DE 1, ¶¶ 9, 11]. A few weeks later State Farm received correspondence from Defendant Richards claiming the proceeds of the policy, which included a handwritten letter the insured purportedly wrote to State Farm, that changed his beneficiary on the policy from Mangan to Richards. [DE 1, ¶ 15; Ex. C at pp. 31-32].

There is no indication that before it filed this lawsuit, State Farm attempted to determine whether the insured's change of beneficiary letter was valid and enforceable under the terms of the policy, or whether State Farm made any other effort to communicate with Mangan and Richards to resolve - in a far less expensive manner than filing this lawsuit - their possible competing claims to the policy. Thus, on this record, it is not at all clear that State Farm's filing of this action was the most efficient resolution of this matter.

The second and third factors also weigh against an award of fees. Courts have determined that "insurance companies are not 'innocent stakeholders who unwittingly come into possession of a disputed asset.'" *Campbell v. North American Company for Life and Health Ins.*, No. 3:04-cv-1118-J-TEM, 2007 WL 2209249, * 5 (M.D. Fla. July 30, 2007) (quoting *Mandalay Shores*); *Hauger v. John Hancock Life Ins. Co.*, No. 8:07-CV-1711-T-EAJ, 2008 WL 341432, * 4 (M.D. Fla. Feb. 5, 2008) (insurance company is not disinterested stakeholder who innocently came into possession of the disputed funds, "[r]ather, where multiple claimants are disputing the ownership of insurance proceeds, the chief beneficiary of an interpleader action is the insurance company."). Moreover, the fees sought by State Farm, far from being minor, amount to approximately 20% of the value of the disputed policy

and if paid from that fund, would greatly diminish the recovery of the beneficiaries.

Additionally, the Eleventh Circuit has directed that an award of attorneys' fee is not warranted when the stakeholder's interpleader claim arises out of the normal course of business:

> The principle behind the normal-course-of-business standard is simple: an insurance company, for example, avails itself of interpleader to resolve disputed claims to insurance proceeds - disputes that arise with some modicum of regularity. In a sense, the insurance company will use interpleader as a tool to allocate proceeds and avoid further liability. As the costs of these occasional interpleader actions are foreseeable, the insurance company easily may allocate the costs of these suits to its customers. Unlike innocent stakeholders who unwittingly come into possession of a disputed asset, an insurance company can plan for interpleader as a regular cost of business and, therefore, is undeserving of a fee award.

*Mandalay*, 21 F.3d at 383; *see also Hauger*, 2008 WL 341432, * 4 (the normal-course-of-business exception can trump these three standard reasons for awarding attorneys' fees).

State Farm does not argue that the dispute here was anything more than a run-of-the-mill dispute over insurance proceeds that arise with regularity in the normal course of State Farms' business. *See Life Investors*, 209 F.Supp.2d at 1256 (where interpleader was "an insurance company in a routine dispute over the proceeds of a life insurance policy," an award of attorneys' fees to the insurer was not warranted); *Campbell*, 2007 WL 2209249 *7 ("this Court is not impressed with the notion that whenever a minor problem arises in the payment of insurance policies, insurers may, as a matter of course, transfer a part of their ordinary cost of doing business to the claimant by bringing an action in interpleader")

7

(citation and quotation marks omitted).

Because this interpleader action arose in the normal course of State Farm's business and the balance *Mandalay Shores* factors weigh against exercising my discretion in favor of State Farms' request for attorneys' fees and costs, that request is denied.[1]

### III. Conclusion

Based on the foregoing, the Court ORDERS that:

Plaintiff's Verified Motion for Attorneys' Fees and Costs [DE 28] is **DENIED**.

DONE and ORDERED in chambers in Miami, Florida this 30th day of September, 2010.

_____
CHRIS McALILEY
UNITED STATES MAGISTRATE JUDGE

cc:
The Honorable Alan S. Gold
Counsel of record

---

[1] State Farm cites both federal and Florida law in support of its motion. [*See, e.g*, DE 28, p. 2]. State Farm does not provide any authority for the application of Florida law here, and in determining whether to award attorneys' fees in interpleader actions the courts cited in this Order routinely apply federal law. Nonetheless, I have considered the issue under Florida law and were I to apply Florida law, I would exercise my discretion to deny State Farm its attorneys' fees and costs for the reasons discussed above. *See e.g., Kurz v. New York Life Ins. Co.*, 168 So.2d 564, 568 (Fla. 1st DCA 1964) (finding that an insurance company was not a mere stakeholder where the dispute between the claimants did not involved contested facts, but rather an interpretation of the policy language and noting that an insurer cannot be relieved of its obligations "and be awarded a fee for the services of its attorney by resorting to interpleader" based on the risk of a lawsuit arising as a normal consequence of its business of paying insurance proceeds to a properly designated beneficiary).